UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSHALL COBB, SR., | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-03537-SEB-DML |
| BUTTS Warden, | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Marshall Cobb, Sr. is an Indiana state prisoner currently incarcerated at New Castle Correctional Facility. For the reasons explained in this Order, the respondent's motion to dismiss, dkt [7], is **granted** and Mr. Cobb's petition for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Petition for Writ of Habeas Corpus

Mr. Cobb seeks relief from his 2003 Bartholomew County conviction for child molesting. Mr. Cobb brings this current petition after having previously challenged his conviction pursuant to 28 U.S.C. § 2254. On October 23, 2009, Mr. Cobb filed a petition for a writ of habeas corpus in Case No. 1:09-cv-01318-SEB-MJD. That petition was denied with prejudice on March 10, 2011. On August 16, 2011, the United States Court of Appeals for the Seventh Circuit denied Mr. Cobb's request for a certificate of appealability. Mr. Cobb argues that his petition is not successive because it is based on newly discovered evidence.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner must obtain permission from the Court of

Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

Mr. Cobb's current § 2254 petition must be summarily dismissed for lack of jurisdiction because it is a second or successive action for relief on the same conviction, and there is no indication that the Court of Appeals has authorized its filing. This disposition is compelled entirely apart from whether Mr. Cobb has or lacks a strong case for filing a successive § 2254 petition. That is a point on which the Court expresses no opinion and into which it has no authority to inquire. If Mr. Cobb wishes to pursue his successor claims, he must file a request to do so in the Seventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

## II. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Cobb has encountered the hurdle produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore **dismissed for lack of jurisdiction**.

Judgment consistent with this Order shall now issue.

## III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a [certificate of appealability (COA)] from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' § 2253(c)(2). . . ." *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017).

"At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find it "debatable whether [this Court] was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and that the issues presented are not of such novelty as to deserve further debate. The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/21/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARSHALL COBB, SR.
129571
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov